GEORGE H. WILLIAMS, Respondent, v. WALTER DIEDERICH and DAN DIEDERICH, Appellants, No. 40978—223 S. W. (2d) 402.

Division Two, September 12, 1949.

Rehearing Denied, October 10, 1949.

*Niedner & Niedner* and *Robert V. Niedner* for appellants.

*B. H. Dyer* for respondent.

TIPTON, P. J.—This case comes to the writer on reassignment. It is an action at law for the purpose of ascertaining and determining the title and interest of respondent and appellants in and to certain real estate described in respondent's petition. Appellants' answer and counterclaim also asks the court to determine the title and interest of the respective parties to this tract of land. Both respondent and appellants ask for injunctive relief to prohibit trespass upon this tract of land. Appellants claim to be the owners of the fishing and boating rights in the reservoir situated on this tract of land, while respondent claims to have the fishing and boating rights by virtue of a lease for twenty years from the owner of the fee. The trial court found that the respondent had the exclusive rights to the fishing and boating on this reservoir and also enjoined appellants from trespassing on this tract of land.

C. F. Knepel and R. C. Matson owned adjoining tracts of land in St. Charles County, Missouri, and on September 15, 1905, Knepel

conveyed 2.6 acres to the Missouri, Kansas and Texas Railroad Company. On the same date Matson conveyed 17.5 adjoining acres to the same railroad. The railroad purchased these two tracts of land for the purpose of constructing a water reservoir. The Knepel warranty deed contained a clause which is as follows: "It is further understood that C. F. Knepel and R. C. Matson shall have the exclusive boating and fishing privileges on any reservoir which the said Railway Company may construct on the land covered by this deed with equal rights to each." The Matson warranty deed contained an identical clause but omitted the word "further."

The Matson farm, except for the 17.5 acres conveyed to the railroad, is now owned by respondent. The Knepel farm, except for the 2.6 acres conveyed to the railroad, is now owned by the heirs of Louise Diederich, including these appellants. In September, 1915, Matson and Knepel, by separate instruments, leased the boating and fishing rights in the reservoir to George P. Wunsch for a term of two years with the privilege of renewal for a term of two years. On June 30, 1920, Knepel sold and assigned his boating and fishing rights to Thomas W. Watson and wife. The Watsons sold and assigned them to Louise Diederich on December 23, 1938, and she assigned these rights to persons who are now her heirs, including these appellants.

The respondent acquired the "Matson farm" in 1932 and on October 15, 1933, the railroad leased the entire reservoir to the respondent for twenty years, with an option of renewal for another twenty years.

The appellants first contend that "the express reservation of fishing rights in a deed to land upon which a pond is intended to be built, creates a new right, potentially in existence, which is assignable and inheritable." We agree with the appellants that the clause of the deed quoted above gave Knepel and Matson the exclusive privilege to boat and fish when the railroad constructed the reservoir, but we do not agree that these privileges were either assignable or inheritable. There is no language in the clause that directly or indirectly infers that the fishing and boating privileges are assignable or inheritable. In other words, the words "heirs" or "assigns" are not used and there is no language that would suggest such. Moreover, Knepel could not reserve any rights that ran with the land in his deed to Matson because Matson was not named as a grantee. For the same reason, neither could Matson reserve any rights other than personal rights to Knepel because the railroad company was the only named grantee. Lemon v. Lemon, 273 Mo. 484, 201 S. W. 103. We think the language used in this clause clearly shows that the parties to these two deeds only intended to give an exclusive personal right to fish and boat on this reservoir. Both grantors in the deed in question had been dead many years before the trial of this cause.

The second defense of appellants is that "the conveyance of part of a tract of land for a pond, reserving the right to use the pond for fishing, creates an easement appurtenant to the land remaining in favor of the grantor, his heirs, devisees and assigns." We have already held that Knepel and Matson had acquired only the exclusive personal privilege to boat and fish on the land in question and which did not inure to their heirs and assigns; therefore, these personal agreements could not run with the land in favor of the remaining parcels of land.

Appellants' last contention is that "fishing rights may be acquired by ten years continuous, actual, hostile, visible and notorious use under claim of right." We do not dispute this proposition of law but the evidence fails to come within this rule. The trial court found that the fishing and boating done on this reservoir by the appellants were at most occasional trespasses, also, that the evidence failed to show that appellants took exclusive possession of the fishing place in defiance of respondent. We think this finding was supported by the evidence. The respondent testified that he had given permission to appellants to fish and that appellants' use of this fishing privilege was in accordance with that permission until appellants notified him in the summer of 1947 that they were claiming the right to fish without his consent. It is true that appellants' evidence was to the contrary but the trial court believed respondent and not appellants. We cannot say that the judgment of the trial court was clearly erroneous when we give due regard to the opportunity of that court to judge the credibility of the witnesses. Section 847.114 of the Civil Code of Procedure.

If possession was permissive at its inception, then it remained so until the hostile claim was brought home to the true owner. "One will not acquire title by adverse possession who merely takes possession upon the theory that after he has held possession for the requisite statutory period his possession will ripen into title, but on the contrary his possession must at all times be under claim of ownership or title before it may develop into a perfect and completed title at the termination of the limitation period." Riebold v. Smith, 150 S. W. 2d 599, l. c. 602.

It follows that the judgment of the trial court should be affirmed. It is so ordered. All concur.