**In re the MARRIAGE OF Carol Jo Reagan and James R. REAGAN,**

**Carol Jo Reagan, Petitioner-Respondent,**
and

**James R. Reagan, Respondent-Appellant.**

No. 10367.

Missouri Court of Appeals,
Southern District,
En Banc.

Oct. 17, 1979.

The parties were married October 6, 1962, and separated on September 23, 1975. A daughter was born to them on September 11, 1963. Petitioner was granted custody of the daughter and $25.00 per week child support. No maintenance or attorneys fees was asked for or received by either party.

Section 452.330, RSMo 1969 requires the court to "divide the marital property in such proportions as the court deems just after considering all relevant factors" and particularly requires the court to include in its consideration the following:

(1) The contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as homemaker;

(2) The value of the property set apart to each spouse;

(3) The economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) The conduct of the parties during the marriage.

Under (1) above, the court would have been justified in finding that at least since wife started working in 1973 she had made all financial contributions to the household. Also, all the evidence showed she was the principal homemaker during the marriage.

In determining the values under (2), the court could have believed the wife's evidence, the husband's evidence or some combination. Based on values as the court may have determined them, the wife received $18,540 in assets and the husband $15,238.

Under (3), the court could have considered that the wife will have custody of the child but will also need to work. She testified that she could not afford to live in the family home. She works as a teller in a bank and he is self-employed as the owner of a body shop. There is a dispute as to his income. She testified that he does most of his business in cash and he makes more income than shown on their tax returns.

---

Charles T. Smallwood, Williams & Smallwood, Rolla, for petitioner-respondent.

William W. Hoertel, Hoertel & Wiggins, Rolla, for respondent-appellant.

PREWITT, Judge.

Husband appeals from a judgment dissolving the parties' marriage. He complains of an unfair division of marital property and that part of the decree that requires him to pay the wife $14,500 in cash.

Under (4), the court could have found that wife was not guilty of any misconduct but that husband was guilty of substantial misconduct. She testified he was frequently away from home. He denies it, except for one occasion. She says he admitted being unfaithful and running around with other women. He denies it. She says he frequently beat her. He verifies at least some of the beatings but tries to justify them as being after she struck him or cussed him. On at least one occasion, after such an altercation, she required medical treatment. While this action was pending she says he intentionally ran his vehicle into a car she was driving and then threatened her with a pistol and tire tool. He denies this. She says that he often threatened to take their daughter and leave so that she could not see the daughter.

There were disputes in the evidence including valuation of assets and the conduct of the parties. Credibility of the witnesses is determined by the trier of facts. *Labor Discount Center, Inc. v. State Bank & Trust Co. of Wellston*, 526 S.W.2d 407, 421 (Mo. App.1975). Where there is conflicting testimony, deference is given to the trial court's conclusions. *Richardson v. Richardson*, 524 S.W.2d 149, 151 (Mo.App.1975).

 The court had a duty to divide up the marital property. § 452.330, RSMo 1969; *Corder v. Corder*, 546 S.W.2d 798 (Mo.App.1977). More than half of the value of the marital property was the home and the real estate on which it was situated. It was valued at $25,000 by the wife and $19,-000–$20,000 by the husband. It was awarded to the husband. In *Claunch v. Claunch*, 525 S.W.2d 788, 791 (Mo.App.1975) this court held that the power to divide marital property includes the powers necessary to render effective the power to divide. It was there determined that the trial court may award property to one spouse and order that spouse to pay the other a sum in cash where a division and transfer in kind is impractical or does not bring about a fair result. This may be done even if the marital property does not contain sufficient cash in the amount required to be paid.

Under the evidence, the trial court could find the gross value of marital assets to be $41,515.[1] Debts of $7,737 were undisputed, leaving a net value of $33,778. The wife received assets valued at from $4,000 to $5,000 and cash from the husband of $14,-500. The husband received assets valued from $37,475 to $27,475 and was required to pay the marital debts. He was also to pay the wife $14,500, making total payments by him of $22,237. He thus either received assets of a value of $5,238 or $15,238. If the trial court determined the value of the assets husband received as $15,238 and the wife $18,540, there is a difference of $3,302. The court would have been justified in such a division in applying the evidence to the factors to be considered under § 452.330, RSMo 1969.

 The legislature has left the matter of a just division of property to the sound discretion of the trial court. *In re Marriage of Cornell*, 550 S.W.2d 823, 826 (Mo.App. 1977). Division of property is a matter within the sound discretion of the trial court and its decision should not be overturned unless abused. *Eden v. Eden*, 558 S.W.2d 394, 395 (Mo.App.1977). The trial judge was in a better position to determine the credibility of the parties and their sincerity and character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584 (Mo.App.1979).

Our review under Rule 73.01, V.A.M.R. requires us to sustain the trial court's decision, unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We find no such error.

The judgment is affirmed.

All concur.

---

1. The figures in this paragraph are not exact but within $500 due to ranges in value given by the witnesses.