**In re ESTATE of Thomas A. SIFFERMAN, Deceased.**

No. 11385.

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1980.

Application to Transfer Denied
Sept. 9, 1980.

Arch M. Skelton, Theodore Von Willer, Jr., Springfield, for petitioner-appellant.

Donald E. Bonacker, Springfield, George Q. Dawes, Sikeston, for respondent-administrator.

GREENE, Judge.

This is an action for specific performance of a contract. The dispute concerns a document called "Agreement and Contract" entered into and signed on May 4, 1950, by Thomas A. Sifferman (Tom) and his son, Raymond A. Sifferman (Ray). In the agreement, Ray contracted to buy 160 acres of unimproved land, a part of a 200-acre tract, from his father. The agreement further recited that in consideration of the purchase of the 160 acres, Ray had an option to purchase the remaining 40 acre improved tract from Tom, during Tom's lifetime should he decide to sell, or within one year after Tom's death, for a price of $5,000. The agreement made the option to purchase the 40 acres binding on the heirs, administrators, executors or legal representatives of Tom, but was silent as to whether the option could be assigned or ᴵevised by Ray or inherited by heirs of Ray, in the event Ray predeceased Tom. On the same day, a General Warranty Deed, conveying the 160 acres from Tom to Ray and his wife Marguerite, was executed by Tom.

Tom outlived his son. Ray died on October 27, 1976, and Tom died September 16, 1977. After Ray's death, his wife did not open a probate estate, as all of their property was in their joint names. A Refusal of Letters of Administration was issued declaring the "Agreement and Contract" to be the property of Ray's wife. She then assigned any rights that she had in the agreement to Robert L. Sifferman (Bob), Ray's son by a previous marriage. Bob then petitioned the trial court for an order directing the administrator of Tom's estate to deliver a deed of the 40 acres to him, upon payment of the $5,000 price mentioned in the agreement. Trial by court was held on that issue. At time of trial, the 40 acres had an estimated value of $65,000. The trial court denied Bob's request for relief, and dismissed the petition. This appeal followed.

Petitioner's points of error (mislabeled points and authorities) are:

"The court erred in determining that the contract was unenforceable because:

a) It was supported by sufficient legal consideration.

b) The option sought to be enforced was not illegal or against public policy, and was severable from any alleged illegal provision or promises.

c) Raymond Sifferman's rights to purchase the land did not terminate on his death."

■ All three points fail to state wherein and why the trial court erred, as required by Rule 84.04(d), V.A.M.R. It is not enough to state what action or ruling of the trial court is complained of, followed by a conclusion of law. Some evidence or testimony must be cited in the point which gives support to the contended legal conclusion. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo. banc 1978). Therefore, none of the contentions made by petitioner have been properly preserved for review. However, we do, ex gratia, review the trial court's judgment under the plain error doctrine, Rule 84.13(c), to see if error affecting substantial rights of petitioner occurred which resulted in manifest injustice, or a miscarriage of justice.

In its memorandum opinion supporting the judgment dismissing the petition, the trial court found: 1) The contract right to purchase the 40 acres in question was personal to Ray Sifferman, and that no other person would have the right to exercise the option to purchase; and, 2) That the agreement as a whole amounted to such an unreasonable restraint on the sale of the real estate in question that it would be against public policy to enforce the agreement. Bob contends that these holdings constitute an erroneous application of law to the facts.

■ Since this case was court-tried, the judgment will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or

unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The first question raised is whether Ray's option purchase contract right was personal to him. If that question is answered in the affirmative, there is no reason to burden this opinion with a discussion of the question of whether the agreement was illegal in that it was an unreasonable restraint on the sale of real estate.

An option may be so framed, expressly or impliedly, to limit its exercise to the optionee, as where it appears to have been given because of a particular trust or confidence in the optionee. 77 Am.Jur.2d Vendor and Purchaser § 45, at p. 229. It has been held that if the option contract does not specifically provide that it is binding on the heirs and assigns of the parties, and does not indicate that the agreement is binding beyond the lifetime of the parties to the agreement, such an agreement is a personal one which does not extend beyond the respective lives of the parties. *Kershner v. Hurlburt*, 277 S.W.2d 619, 623 (Mo. 1955). In *Williams v. Diederich*, 223 S.W.2d 402, 403 (Mo.1949), a case involving boating and fishing privileges on a reservoir, it was held that since there was no language in the agreement that directly or indirectly inferred that the privileges were assignable or inheritable, they were personal, and could not be assigned. In *Campbell v. Campbell*, 313 Ky. 249, 252, 230 S.W.2d 918, 920–921 (1950), a case cited with approval in *Kershner v. Hurlburt*, it was held that an option to repurchase land was personal where the repurchase privilege was given only to one of the grantors, and the agreement did not provide that his heirs or assigns could exercise it.

In applying the law of these cases to the facts here, it is evident that the option purchase agreement in question was personal to Ray. The agreement specifically provided that it was binding on the heirs and assigns of Tom, but did not state that the optionee included the heirs or assigns of Ray. This indicated that the signatories to the agreement, Ray and Tom, intended that the option to purchase was personal to Ray only. When you add the facts that on the same day that the option agreement was executed, Tom deeded the adjoining 160 acres to Ray and his wife, that Ray was Tom's son, which created a special relationship between the parties, and that the terms of the option were extremely favorable to the optionee (the right to purchase at any time up to one year after the death of Tom for a price of $5,000, when the evidence showed that the value of the property was $65,000 at time of trial), the inescapable conclusion is that the conclusion and judgment of the trial court that the option purchase agreement was a personal one that could not be enforced by Ray's heirs or assigns was a correct result.

The judgment of the trial court that the agreement was personal and not assignable was supported by substantial evidence, is not against the weight of the evidence, and does not contain any erroneous declaration or application of law. This being so, there is no need to decide whether the agreement was void as an unreasonable restraint on alienation of real estate.

The judgment is affirmed.

All concur.