**Lois Annette GEE, Plaintiff–Appellant,**

**v.**

**Ruth P. GEE, Defendant–Respondent,**

**and**

**Jimmy Gee, Defendant.**

**No. 11606.**

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 22, 1980.

W. Swain Perkins, Alton, for plaintiff appellant.

Kenneth A. Wagoner, West Plains, for defendant–respondent.

PREWITT, Judge.

Appellant brought an action against respondent, her mother–in–law, seeking specific performance of an oral agreement to convey a farm. Her husband was joined as a party defendant on the theory that he refused to join as plaintiff. See Rule 52.-04(a), V.A.M.R. Respondent's answer denied any agreement and also pled the statute of frauds, § 432.010, RSMo 1978. On the morning of trial, prior to the reception of evidence, appellant was allowed to amend by interlineation to claim "in the alternative" that she and her husband be awarded $18,000 as "restitution for money expended to benefit of" respondent. Appellant presented evidence that she and her husband improved the farm and made payments on an indebtedness on the farm incurred by respondent, in reliance on an agreement that the farm would be con-veyed to them when the indebtedness was paid.

The trial court, sitting without a jury, found an oral agreement to convey the farm but that a "condition precedent" to the conveyance was that appellant and her husband "be living on the subject real estate as husband and wife." Prior to the time that suit was brought and continuing to the time of trial they were separated and he was not living on the farm. The court determined that appellant and her husband were entitled to "restitution" of "money and labor" expended on the property and which improved it, less the fair rental value of the property while they lived there. The court found the value of the labor and money expended to be $15,890, rental value in the amount of $10,890 was subtracted, and appellant and her husband received a judgment for $5,000 "as and for restitution".

Appellant has three points relied on: (1) that the court entered a judgment which did not conform to the pleading "by awarding affirmative relief for lost rental value to respondent" when respondent had not pled "or prayed for any such relief in her answer or in a counterclaim"; (2) that the trial court abused its discretion in questioning plaintiff "for the purpose of supporting the court's own opinion as to the terms of the oral agreement"; and (3) that "the judgment of the court was against the greater weight of the evidence, against the credible evidence, and against the law" because the condition precedent claimed "was unclear and indefinite" and the court's determination of the fair market value of the real estate failed to consider the testimony of an appraiser who appaised the real estate near the time of the oral agreement and "there was no consideration of the undisputed amount of expenditures made by appellant" and her husband.

We first consider point one. Appellant contends, relying primarily on *Witte v. Cooke Tractor Co.*, 261 S.W.2d 651 (Mo.App. 1953), that as respondent did not file a counterclaim for the value of the rent and did not plead or request any such allowance

in her answer, the trial court was without authority to reduce the amount found to have been expended in payments on, and the value of improvements to the property, by the rental value. Respondent says that it was not necessary for her to plead the rental value "because no affirmative relief" was granted to respondent and because the issue of fair rental value was tried "by implied consent". In responding to this point respondent cites § 509.500, RSMo 1978 and *Payne v. White*, 288 S.W.2d 6 (Mo.App. 1956). Section 509.500 is the same as Rule 55.33(b), V.A.M.R.

■ One of respondent's witnesses testified on direct examination that the rental value of the farm in 1970 was $145 a month and at the time of trial was $185 a month. There was no objection to this testimony. Based on this, respondent contends that the parties tried this issue by implication and the pleadings should be treated as amended, pursuant to § 509.500, RSMo 1978. We do not agree. The rental value was not a "hotly contested" issue as were issues in *Woolfolk v. Jack Kennedy Chevrolet Company*, 296 S.W.2d 511, 516 (Mo.App.1956) and *Payne v. White*, supra, 288 S.W.2d at 10. Only two questions were asked about it· one as to its "current fair rental value" and one as to its rental value in 1970. Appellant did not introduce evidence to the contrary as occurred in *City of St. Charles v. De Sherlia*, 308 S.W.2d 456, 464 (Mo.App. 1957). However, even had appellant offered contrary evidence, this would not have been a trial of issues not raised by the pleadings. The evidence of rental value was admissible for the court to determine the value of the premises. The value of the premises was a contested issue due to claimed improvements to it. Rental value is recognized as a factor in determining market value of real property. *St. Louis Housing Authority v. Bainter*, 297 S.W.2d 529, 535 (Mo.1957); *State ex rel. State Highway Commission v. Flynn*, 263 S.W.2d 854, 857 (Mo.App.1954); *Cox v. McKinney*, 212 Mo.App. 522, 529, 258 S.W. 445, 447 (1923).

■ Federal Civil Rule 15(b) is the same as Rule 55.33(b), V.A.M.R. When evidence is relevant to an issue already in the case, and there is no indication at trial that the party who introduced the evidence was seeking to raise a new issue, the pleadings will not be deemed amended by implication or consent under Federal Civil Rule 15(b). 6 Wright and Miller, Federal Practice and Procedure: Civil § 1493, pp. 466–467 (1971). Also see *International Harvester Credit Corporation v. East Coast Truck*, 547 F.2d 888, 890 (5th Cir. 1977), and *Cox v. Fremont County Public Building Authority*, 415 F.2d 882, 887 (10th Cir. 1969). There is nothing in the record to indicate that the rental value was offered for any purpose other than to bear on the value of the farm or which shows that the issue as to whether rental value could be, or the amount of it that should be deducted from the value of money and labor expended by appellant and her husband on the real estate, was tried by "implied consent".

■ Whether such rental value could be a set·off or a recoupment; it cannot be claimed here as it was a matter that must be pled. *Witte v. Cooke Tractor Co.*, supra, 261 S.W.2d at 659 660. It would appear to be a recoupment. See *Edmonds v. Stratton*, 457 S.W.2d 228, 232 (Mo.App.1970). Rule 55.08, V.A.M.R. requires that a party plead "any . . . matter constituting an avoidance or affirmative defense". Recoupment is a defense in confession and avoidance and must be pled. *Freeman Contracting Company v. Lefferdink*, 419 S.W.2d 266, 275 ·276 (Mo.App.1967). Also see *Land Clearance for Redevelopment Corp. v. Doernhoefer*, 389 S.W.2d 780, 789 (Mo. 1965); *Burger v. Wood*, 446 S.W.2d 436, 441 (Mo.App.1969); 71 C.J.S. Pleadings § 167, p. 342.

Respondent attempts to justify the failure to plead the rental value because the amendment requesting monetary relief occurred on the morning of trial. After allowing the amendment the court offered to continue the matter if respondent wished, but she chose to proceed with the trial. While we understand how this omission

could easily occur under the circumstances, we do not see how this could be a basis to avoid the rules on pleading. We believe that the trial court erred in deducting the rental value of the property and that judgment should be entered without regard to the rental value.

■ We now consider point two. Appellant contends that the trial court improperly questioned her "in a manner not within such bounds as control attorneys ... for the purpose of supporting the court's own opinion as to the terms of the oral agreement". The questioning did appear to reflect the opinion that there was a condition precedent that appellant and her husband be living on the farm as husband and wife. However, we see no prejudice due to the act of questioning appellant. There was no jury present to be influenced by the questioning and we do not believe any answer was elicited which was adverse to her contentions or likely influenced the trial court's decision. Point two is denied.

■ Point three contends that the judgment of the court was against the greater weight of the evidence and against the credible evidence because the testimony as to the condition precedent was unclear and the court failed to consider evidence of an appraiser and evidence of expenditures of money and labor on the premises. In a review of a court tried case, we are to sustain the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We should set aside a judgment on the ground that it is against the weight of the evidence "with caution and with a firm belief that the decree or judgment is wrong". Id. Disputes in the evidence as to valuation and the credibility of witnesses are to be determined by the trier of fact. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App.1979). Where there is conflicting testimony, deference is given to the trial court's conclusions. Id. Even if testimony is not contradicted, the trial judge does not have to believe it. *Rollins v. Schwyhart*, 587 S.W.2d 364, 367 (Mo. App.1979).

■ The evidence was conflicting on several issues, including whether there was a condition precedent that appellant and her husband would be living on the property as husband and wife. Respondent testified that this was made a condition to the conveyance at the time she and appellant and appellant's husband agreed to it. The trial court's finding was supported by substantial evidence, and we cannot say with "a firm belief" that it was wrong. Point three is denied.

■ Respondent's motion to dismiss the appeal for failure of appellant's brief to comply with Rule 84.04(d), V.A.M.R., is denied. As supplemented [See *Corcoran v. Southwestern Bell Telephone Company*, 572 S.W.2d 212, 216 (Mo.App.1978)], the points relied on were sufficient.

The judgment is reversed and the cause remanded for the judgment to be modified so that appellant and her husband, Jimmy Gee, receive judgment in the amount of $15,890 against respondent, Ruth P. Gee, and in all other respects the judgment is affirmed.

BILLINGS, P. J., and TITUS and GREENE, JJ., concur.