**Geraldine SMITH, Plaintiff–Appellant,**

v.

**Chris A. HEISSERER,
Defendant–Respondent.**

No. 11723.

Missouri Court of Appeals,
Southern District,
Division Three.

Dec. 3, 1980.

Donald Rhodes, Bloomfield, for plaintiff–appellant.

Donald P. Thomasson, Paul V. Gilbert, Jackson, Thomasson, Dickerson & Gilbert, Cape Girardeau, for defendant–respondent.

BILLINGS, Presiding Judge.

Plaintiff Geraldine Smith was injured when she was struck by defendant's pickup truck as she was attempting to cross Main Street in Scott City, Missouri. Her petition alleged defendant was guilty of primary negligence (speed, lookout, control, stop, swerve, slacken, warning) and humanitarian negligence (stop, slacken, warning). Plaintiff tendered a humanitarian instruction on defendant's failure to swerve his vehicle but the court refused to give the same. The jury was instructed on the issues of primary negligence and contributory negligence and a verdict was returned in favor of the defendant. Plaintiff contends the court erroneously refused her tendered humanitarian instruction. Defendant avers the action of the lower court was proper. We affirm.

Main Street is an east–west street. The V.F.W. Hall is located on the north side of the street, facing south. Across the street and to the south there is a parking lot. Following an evening of bingo at the V.F.W. Hall, plaintiff, her husband, and a large group of fellow bingo players left the hall and headed for the parking lot. Plaintiff was struck by the left front of defendant's eastbound truck as she neared the south side of the street. There was conflicting evidence of whether the westbound lane was occupied by persons who had left the hall en route to the parking lot. Nevertheless, the evidence demonstrates that when plaintiff crossed over the center line and into the eastbound lane of the street, defendant's vehicle was "a car and a half, two car lengths" distance and traveling approximately twenty miles an hour. Defendant slammed on his brakes and swerved to his right but to no avail.

As noted, supra, plaintiff's humanitarian allegations did not charge defendant's failure to swerve and the trial

court correctly refused to give the tendered instruction. The court could only instruct on those issues made by the pleadings and supported by the evidence. *Hartford Accident and Indemnity Company v. List*, 424 S.W.2d 761 (Mo.App.1968). Plaintiff made no attempt to amend her pleadings. While it is true that pleadings may be amended by implied consent of the parties when evidence is introduced on an issue without objection [Rule 55.33(b), V.A.M.R.; *Bowen v. Loyd*, 589 S.W.2d 312 (Mo.App.1979)], such evidence must bear only on that issue and not be relevant to an issue already in the case. *Gee v. Gee*, 605 S.W.2d 815 (Mo. App.1980). Here, the evidence of defendant's failure to swerve his pickup truck was relevant to plaintiff's primary negligence allegation and, consequently, did not constitute an amendment by implied consent of her humanitarian negligence allegations.

Defendant further contends that plaintiff did not make a submissible case of humanitarian negligence and therefore the court properly refused the tendered instruction. Under the evidence presented we are inclined to agree with defendant's position but do not find it necessary to rule the same.

The judgment is affirmed.

All concur.