In re the MARRIAGE OF Patricia J. ARNOLD and Glenn E. Arnold

Patricia J. Arnold, Petitioner-Respondent

and

Glenn E. Arnold, Respondent-Appellant.

No. 12300.

Missouri Court of Appeals,
Southern District,
Division Two.

March 16, 1982.

Motion for Rehearing Overruled and to Transfer to Supreme Court Denied April 1, 1982.

Application to Transfer Denied May 17, 1982.

James R. Spradling, Esterly, Spradling & Checkett, Carthage, for petitioner-respondent.

Vernie R. Crandall, Crandall, Crawford & Crandall, Carthage, Gordon R. Boyer, Boyer & Ratzlaff, Lamar, for respondent-appellant.

PREWITT, Presiding Judge.

In his three "points relied on" appellant husband contends that the trial court erred in its dissolution of marriage decree: (1) in the division of marital property;[1] (2) in

[1.] In dividing the marital property the trial court gave each party a portion of the shares in a "close" corporation formed by the parties during their marriage and which operated retail businesses at three locations. While allowing a formerly married couple to each retain shares in such a corporation has been criticized, see Hopkins v. Hopkins, 597 S.W.2d 702, 707–709 (Mo.App.1980), as the points relied on do not question the division of these shares, we do not

awarding respondent maintenance payable monthly for 30 months; and (3) in awarding respondent attorney's fees.

 Division of property in a dissolution of marriage is a matter within the sound discretion of the trial court and its decision should not be overturned unless abused. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App.1979). The findings of fact and conclusions of law show that in the disposition of property the trial court considered the factors relevant to that disposition, including the matters specifically set forth in § 452.330, RSMo 1978. The trial judge was in a better position than we to determine the credibility of the witnesses and where there is conflicting testimony, we give deference to his conclusions. *In re Marriage of Reagan*, supra, 589 S.W.2d at 120. A just division of marital property does not have to be equal and this is particularly true when one party has engaged in misconduct. *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978). We find no abuse of discretion in the division of property.

 Nor do we find any error or abuse of discretion in the award of maintenance or attorney's fees. The court expressly considered and we believe reasonably applied the provisions of §§ 452.335 and 452.355, RSMo 1978. A wife should not have to dispose of her assets or consume marital property for living expenses before she would be entitled to maintenance. *In re Marriage of Brewer*, 592 S.W.2d 529, 535 (Mo.App.1979). The financial resources of the parties, as well as all other relevant factors, must be considered in awarding attorney's fees, and only when the trial court is shown to have abused its discretion should the award be overturned. *In re Marriage of Brewer*, supra, 592 S.W.2d at 536.

Our examination of the record convinces us that no error of law appears as claimed in the points relied on and that the judgment is supported by substantial evidence and is not against the weight of the evidence. An opinion would have no precedential value. We affirm by memorandum opinion in compliance with Rule 84.16(b).

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.

consider the propriety of that portion of the judgment. See *Smith v. Welch*, 611 S.W.2d 398, 399 (Mo.App.1981).