In re the MARRIAGE OF Kenneth C. PALMQUIST and Raioma Lavohn Palmquist.

Kenneth C. PALMQUIST, Petitioner-Respondent,

v.

Raioma Lavohn PALMQUIST, Appellant.

No. 12137.

Missouri Court of Appeals, Southern District, Division One.

April 13, 1982.

318

Robert P. Warden, Joplin, for petitioner-respondent.

A. L. Shortridge, Joplin, for appellant.

PER CURIAM:

Appellant wife appealed from the dissolution of marriage decree entered by the Circuit Court of Newton County. This court concluded the points relied on as written in the initial briefs filed on behalf of appellant wife and respondent husband did not comply with the requirements of Rule 84.04(d)[1], which are mandatory. *Vinyard v. Herman*, 578 S.W.2d 938, 941[6] (Mo.App.1979). Therefore, in compliance with Rule 84.08, the parties were duly notified of the deficiencies in their briefs and given time to make corrections thereof. They then filed amended points relied on.

Appellant-wife's "Amended Points Relied On" read: "I. The trial court erred in failing to order a just division of all of the marital property; A. The trial court did not order any division of [the husband's] interest in 212 head of cattle owned at the date of the decree or any accounting for the proceeds of the sale of 231 head acquired during the marriage and sold after the filing of the petition of dissolution, the award

to [the husband] of all his interest in the cattle partnership business with his parents without taking into consideration these specific assets and any encumbrances is too vague. B. The trial court erred in failing to award [the wife] the marital home or to order a division thereof. This real property was marital property."

We confess our inability to comprehend the meaning, as written, of the two subsections of the wife's single "Amended Points Relied On." Nonetheless, neither subsection undertakes to state wherein and why the trial court erred in the particulars enumerated. It is not enough under Rule 84.04(d) to state what abstractly stated action of the trial court is complained of followed by mere conclusions of law. Some testimony or evidence must be alluded to and cited which gives support to the abstractly asserted legal conclusions. *In re Estate of Sifferman*, 603 S.W.2d 30, 31[1] (Mo.App.1980). Moreover, we note that in complete disregard of the mandates of Rule 84.04(h), the argument portion of appellant-wife's brief does not have one page reference to either the legal file or the transcript on appeal. An appellate court is not required to search the legal file, the transcript on appeal nor the statement of facts and argument portions of an appellant's brief to come by the intendments of points relied on which should be written understandably and self-sufficiently without need to resort to other portions of the record to ascertain the intended meaning of such points. *Haase v. Richmond*, 570 S.W.2d 341, 343–344[1–3] (Mo.App.1978).

Albeit, as indicated, the appeal should be dispatched because of rule violation, we make the following observations and rulings upon the merits, if any, of the cause. As noted, the gist of appellant-wife's assertions was that the trial court, in its dissolution of marriage decree, erred in making division of alleged marital and other property. "Division of property in a dissolution of marriage is a matter within the sound discretion of the trial court and

1. References to rules are to Missouri Rules of Court, V.A.M.R.

its decision should not be overturned unless abused. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App.1979). The findings of fact and conclusions of law show that in the disposition of property the trial court considered the factors relevant to that disposition, including the matters specifically set forth in § 452.330, RSMo 1978. The trial judge was in a better position than we to determine the credibility of the witnesses and where there is conflicting testimony, we give deference to his conclusions. *In re Marriage of Reagan*, supra, 589 S.W.2d at 120. A just division of marital property does not have to be equal and this is particularly true where one party has engaged in misconduct. *Arp v. Arp*, 572 S.W.2d 232, 235 (Mo.App.1978). We find no abuse of discretion in the division of property." *Arnold v. Arnold*, 632 S.W.2d 28 (Mo. App.S.D.1982). Furthermore, "In a review of a court tried case, we are to sustain the trial court's decision unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). We should set aside a judgment on the ground that it is against the weight of the evidence 'with caution and with a firm belief that the decree or judgment is wrong'. Id. Disputes in the evidence as to valuation and the credibility of witnesses are to be determined by the trier of fact. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App.1979). Where there is conflicting testimony, deference is given to the trial court's conclusions. Id. Even if testimony is not contradicted, the trial judge does not have to believe it. *Rollins v. Schwyhart*, 587 S.W.2d 364, 367 (Mo. App.1979)." *Gee v. Gee*, 605 S.W.2d 815, 818 (Mo.App.1980).

Predicated upon the foregoing considerations, our readings of the legal file, transcript on appeal and the original and amended briefs of the parties, the judgment nisi is affirmed.

All concur.