**In re the MARRIAGE OF Charlynn M. ROBINSON and Steven W. Robinson.**

**Charlynn M. Robinson,
Petitioner-Respondent,**

**and**

**Steven W. Robinson,
Respondent-Appellant.**

**No. 12451.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 31, 1982.

Curtis W. Carle, Bonnie Keaton, Gene Gulinson Law Office, Salem, for petitioner-respondent.

John D. Beger, Price & Beger, Salem, for respondent-appellant.

PREWITT, Judge.

Appellant contends that the trial court made an unjust division of the parties' marital property. Based on the values and indebtedness found by the trial court, marital property was essentially divided equally. Appellant claims that he received much less than half due to three erroneous findings by the trial court: (1) that the parties' checking account balance was $1,300; (2) that the value of the marital home was $41,000; and (3) that the balance due on a car loan was "unknown".

The trial court granted the checking account, the home and the car encumbered with the loan to appellant. Appellant testified that the bank account was less than one hundred dollars, the house was worth $38,000, and there was due on the loan on the car "Possibly fifteen hundred." He contends that when you consider the proper balance of the checking account, the correct value of the house, and the indebtedness on the car, he received an unjust share of the marital assets.

Respondent offered in evidence at the trial "PETITIONER'S PROPERTY LIST AND VALUATION". Appellant's counsel stated that there was no objection to it and it was received in evidence. It listed the balance due on the parties' checking account as $1,300, the value of their house at $41,000, and the debt on the car as "unknown to Petitier" [sic]. At the end of the list was respondent's signature with the statement of a notary that she swore on August 28, 1981 that the statement was accurate. August 28, 1981 was the day of trial. Respondent testified that the value of the house was $41,000. She did not testify regarding the bank account.

Appellant testified that the balance of the checking account at the time of trial was less than a hundred dollars. He said that any additional money that was in the account on the date of separation was used to pay bills incurred by the parties. He testified that the house had been purchased in February of 1981 for $38,000 and he believed its value was the purchase price. He stated that the debt against the automobile was "Possibly fifteen hundred". No documentation or other evidence of the value of the house, the balance of the checking account or the amount of the loan was offered.

The trial court chose to believe respondent on the balance of the checking account and the value of the house, and we cannot say that was error. Credibility of the witnesses is for the trier of facts. *In re Marriage of Reagan,* 589 S.W.2d 118, 120 (Mo.App.1979). Where there is conflicting evidence, deference is given to the trial court's conclusions. Id. There was substantial evidence to support the trial court's determination and our review under Rule 73.01 requires us to sustain those findings. Id.

We do not believe that the trial court erred in not determining the balance of the car loan and in not considering it in distributing the assets as the parties neglected to offer any definitive proof of that amount. There was not sufficient evidence to make that determination. That the debt was "Possibly fifteen hundred" dollars was of no help as it "possibly" could have been any amount.

The judgment is affirmed.

GREENE, C. J., FLANIGAN, P. J., and TITUS, J., concur.