Patricia M. HOGAN, Respondent,

v.

Eugene R. HOGAN, Appellant.

No. 45103.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 5, 1983.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 13, 1983.

Application to Transfer Denied
June 30, 1983.

Ronald J. Kaden, Clayton, for appellant.

William J. Fletcher, Clayton, for respondent.

KAROHL, Judge.

In this dissolution action, the husband appeals the property distribution and award of maintenance to respondent-wife. At the time of the proceeding, appellant was fifty-three years of age and employed by the Chrysler Corporation earning $599 per week. Respondent was fifty years of age and worked as a teacher's aide earning $944 per month over a period of ten months. Appellant and respondent were married twenty-nine years, and raised three children. Respondent testified to incidents of appellant inflicting physical abuse upon her.

Appellant-husband argues that the trial court erred: (1) in awarding maintenance before dividing marital property, as this was contrary to the order prescribed by statute; (2) in including two of appellant's pension plans as marital property, resulting in unequal distribution of property; and (3) in awarding the wife $400 per month maintenance.

Appellant contends that the statutes relating to dissolution, §§ 452.320, 452.330, and 452.335 RSMo 1978 mandate a specific order that the trial court must follow in its decree. According to appellant, the decree must set forth each spouse's separate property, divide the marital property, and then make an award of maintenance, if any. The decree here stated the award of maintenance before it set forth the division of property. In this posture, it is not possible to ascertain the sequence of the trial court's reasoning process and it would be unreasonable to conclude that the trial court failed to follow the statutory considerations. The Court of Appeals should examine and consider the dissolution judgment in its entirety and, where it is reasonably possible to do so, the judgment should be construed so as to give it force and effect, make it serviceable instead of useless, and support rather than destroy it. *Gunkel v. Gunkel,* 633 S.W.2d 108, 110 (Mo. App.1982). Upon reviewing the record, the findings of fact and conclusions of law show that in the disposition of property, the trial court considered factors relevant to that disposition. *In re Marriage of Palmquist,* 632 S.W.2d 317, 319 (Mo.App.1982).

■ In his second point appellant contends that the trial court should not have included two employment pension plans as marital property. The trial court awarded the Chrysler Employee's Pension Plan to appellant as marital property. It found that the pension plan was not yet vested and assigned it no value. Any error in denominating the pension plan as marital property was harmless because the plan was awarded to appellant and having no present value it did not adversely affect appellant's share of the marital property.

■ The trial court found that appellant's interest in the Chrysler Employee's Retirement Plan was vested, and awarded it to appellant as marital property. If appellant's employment were terminated, he would have been presently entitled to benefits beyond prior contributions. The retirement plan appears to fall squarely within the time frame of "Stage III" of the stages announced in *Kuchta v. Kuchta,* 636 S.W.2d 663, 665 (Mo. banc 1982), and was properly considered as marital property. As in *Kuchta,* we find nothing in the record that the court's consideration of the retirement plan disregarded any prospective and contingent "non-matured" possibilities presented to it. *Id.* at 666.

■ Appellant argues that even with the retirement plan included as marital property, the trial court abused its discretion in dividing the marital property unequally. Respondent wife received approximately 52% of the marital property while appellant was awarded about 48%. Section 452.330 requires a "just division" of the marital property, not necessarily an equal division, particularly where one party has been guilty of misconduct. *In re Marriage of Arnold,* 632 S.W.2d 28, 29 (Mo.App.1982); *Rasmussen v. Rasmussen,* 627 S.W.2d 117, 120 (Mo.App.1982). There was evidence of appellant's misconduct relating to physical abuse of his wife. We find no abuse of discretion in the trial court's distribution of marital property.

■ Finally, appellant contests the trial court's award of $400 per month maintenance to respondent. The determination of the trial court with respect to allowance and amount of spousal maintenance is discretionary, and appellate review is only to determine if the trial court has abused its discretion. *Lowrey v. Lowrey,* 633 S.W.2d 157, 160 (Mo.App.1982). We find no such abuse of discretion in that the award of maintenance was supported by substantial evidence. *Crockett v. Crockett,* 628 S.W.2d 371, 373 (Mo.App.1982).

Judgment affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.