**In re the MARRIAGE OF Linda E. SHASSERRE and Paul Shasserre.**

Linda E. Shasserre,
Petitioner-Respondent,

and

**Paul Shasserre, Respondent-Appellant.**

No. 12887.

Missouri Court of Appeals,
Southern District, Division Three.

April 18, 1983.

J. Kent Howald, Beckham, Hale, Howald & Kenagy, Steelville, for petitioner-respondent.

John L. Sullivan, St. Louis, for respondent-appellant.

PREWITT, Judge.

Husband appeals from a decree of dissolution, contending that the trial court erred: (1) in valuing a promissory note at its full value rather than discounting it; (2) in determining the value of corporate stock owned by him to be $100,000; and (3) in giving that corporate stock to appellant and granting respondent an offsetting award of $35,000.

The note referred to in appellant's first point was made to appellant by Shasserre Turkey Farm, Inc., a corporation owned by appellant and his father. Appellant's father owns 75% of the outstanding corporate stock of the corporation and appellant 25%. Appellant asserts in his second point that his stock in the corporation was excessively valued by the trial court.

When the trial was held on August 31, 1981, the parties were the only witnesses. Exhibits of both parties introduced at trial valued the note as found by the trial court. Respondent testified there, that in discussions with her appellant had valued the corporate assets at $400,000 and his interest in it at $100,000. Following the trial, as requested, the trial court made detailed findings of fact and conclusions of law, which along with a decree of dissolution were filed on February 27, 1982.

On March 24, 1982, appellant filed a motion "pursuant to Civil Rule 78.01" requesting the court to enter amended findings of fact, new conclusions of law and a new judgment. That motion was heard on June 7, 1982. When the hearing commenced, appellant's counsel stated that this motion "is equivalent to a motion for a new trial in a court tried case" and that to "aid the court in understanding" appellant's position he would call as a witness the corporation's certified public accountant. Respondent objected to the testimony because the case had been tried and a decision made. Appellant's counsel then stated "we are not seeking to introduce any new fact, merely what I would seek to do by this witness is to introduce a professional interpretation of valuation of closely held stock and of a note." The trial court allowed the testimony "for that purpose".

The accountant testified that "the market value of that note is only 50% of its face" and that the husband's stock in the corporation was worth between $5,380 and $9,598, depending upon the method of valuation used. On June 17, 1982, the trial court denied appellant's motion except for a minor change not here relevant. On July 30, 1982, we allowed appellant to appeal after the time ordinarily prescribed. See Rule 81.07(a).

▋ Appellant's points are premised on the contention that the trial court should have amended its findings to conform to the values of the note and corporate stock testified to by the accountant and the failure to do so made the division of assets improper. Even if we assume that such evidence may be considered upon a timely after-trial motion, these contentions must be denied because the judgment became final before the testimony was offered, as appellant's motion was not timely filed.

A motion for new trial or to amend the judgment or both, must be filed not later than 15 days after the entry of the judgment. Rule 73.01(a)(3). A judgment becomes final at the expiration of thirty days after its entry if no timely motion for new trial is filed. Rule 81.05(a). Where a motion for new trial is filed beyond the fifteen-day limit the judgment becomes final thirty days after rendition. *Ellebracht v. Burger Chef Systems, Inc.,* 543 S.W.2d 503, 504 (Mo.App.1976).

The evidence of the value of the corporate stock was slight, but there was a basis for the trial court's finding. The value of the note was not disputed at trial. The trial court made what appears to be carefully considered and detailed findings of fact based upon the testimony and exhibits at trial and upon that evidence there was no error in the valuation of the note and stock. Points one and two are denied.

▋ The values of the marital property as determined by the trial court was supported by the evidence, and based on those values the trial court did not abuse its discretion in awarding respondent $35,000. Only for good reason should a dissolution decree grant to each party shares in the same "close" corporation. See *Hopkins v. Hopkins,* 597 S.W.2d 702, 707–709 (Mo.App. 1980). The division of marital property is a matter within the sound discretion of the trial court and its decision should not be overturned unless abused. *In re Marriage of Reagan,* 589 S.W.2d 118, 120 (Mo.App. 1979). The trial court may award property to one spouse and order that spouse to pay the other a sum in cash where a division in kind is impractical or does not bring about a fair result even if the marital property does not contain cash in the amount required to be paid. Id. Point three is denied.

The judgment is affirmed.

GREENE, C.J., CROW, P.J., and FLANIGAN and MAUS, JJ., concur.