**MARKWAY CONSTRUCTION COMPANY, INC. Respondent–Cross Appellant,**

v.

**Lary and Concetta KIRCHENBAUER, Appellants–Cross Respondents.**

No. 55023.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1989.

Robert M. Morris, St. Louis, for respondent-cross appellant.

James C. Owen, Chesterfield, for appellants-cross respondents.

HAMILTON, Judge.

Lary and Concetta Kirchenbauer (hereinafter cited as Kirchenbauers) appeal from a

judgment rendered by the trial court in favor of Markway Construction Company, Inc. (hereinafter cited as Markway). Markway cross-appeals. Markway brought this action to recover the balance due on a contract between the parties for the remodeling of the Kirchenbauers' residence. Following a non-jury trial, the trial court awarded Markway, in addition to prejudgment interest and costs, the principal sum of $10,245.08, an amount reflecting $12,302.79 owed on the contract, plus $5,335.29 owed for work performed pursuant to unsigned change orders, reduced by $7,400 as a set-off for Markway's delays and unworkmanlike services.

On appeal, the Kirchenbauers contend that the trial court erred in: (1) deeming Markway's pleadings amended to conform to the evidence and granting Markway's post-trial motion to amend its pleadings with respect to amounts owed to Markway as a result of unpaid unsigned change orders, and (2) awarding Markway $5,335.29 for work performed pursuant to unsigned change orders. In its cross-appeal, Markway contends that the trial court erred in awarding the Kirchenbauers the sum of $7,200 for costs incurred as a result of Markway's delays. We affirm in part and vacate in part.

On May 9, 1984, the Kirchenbauers and Markway entered into a written contract for extensive remodeling of the Kirchenbauers' residence. The Kirchenbauers agreed to compensate Markway on a cost-plus basis defined as construction costs incurred plus ten percent of that figure as overhead and five percent of costs plus overhead as profit. The contract also provided that "[t]he Owner may make Changes in the Work as provided in the Contract Documents. The Contractor shall be reimbursed for Changes in the Work on the basis of Cost of Work as defined in [the contract]".

In their first point on appeal, the Kirchenbauers claim that the trial judge erred in allowing Markway to amend its petition to conform to the evidence. The amendment consisted of a claim for $5,335.29 in damages as a result of unpaid unsigned change orders. The Kirchenbauers argue the amendment was improper because the evidence adduced at trial regarding the unsigned change orders was relevant to the issue of whether Markway had substantially performed its obligations under the terms of the contract. Thus, Kirchenbauers contend, because the evidence relating to unsigned change orders raised no new issues, amendment of the petition was improper.

Markway responds that the original petition included no claim regarding the unsigned change orders. A review of the original petition supports Markway's contention. In addition, evidence was adduced at trial, without objection, regarding the work completed pursuant to unsigned change orders. Moreover, the trial court admitted the unsigned change orders, without objection.

A trial court's grant of leave to amend a petition is wholly discretionary; it may not be overturned on appeal absent a clear abuse of discretion. *Conchola v. Kraft,* 575 S.W.2d 792, 794 (Mo.App.1978). The same standard applies to the amendment of a prayer for damages. *Id.; Prewitt v. Continental Ins. Co.,* 538 S.W.2d 902, 906 (Mo.App.1976).

Kirchenbauers rely on three cases for the proposition that evidence admitted without objection may result in an amendment to the pleading by implied consent of the parties only when such evidence bears on a new issue, not on an issue already in the case by reason of the initial pleading: *Brazell v. St. Louis Southwestern Ry. Co.,* 632 S.W.2d 277, 281 (Mo.App.1982); *Smith v. Heisserer,* 609 S.W.2d 485, 486 (Mo.App. 1980); *Gee v. Gee,* 605 S.W.2d 815, 817 (Mo.App.1980). None of these cases assists the Kirchenbauers, however, because they admit the original petition failed to include a claim for reimbursement for work and services performed pursuant to the unsigned change orders. Thus, any evidence pertaining to the issue of payment

for the unsigned change orders necessarily raises a new issue. The first point is, therefore, denied.

■ Kirchenbauers' next claim that no substantial evidence supports the trial court's finding that Markway was entitled to $5,335.29 for the work performed pursuant to the unsigned change orders. With respect to change orders in general, the trial court found:

> The contract also provided for "Changes in the Work" and modifications of contract work by agreement of the parties on the same cost-plus basis. The parties did not agree to and adopt the "General Conditions of the Contract for Construction," A.I.A. Document A 201, thus, there was no formal agreement as to the use of written or signed "Change Orders".

The trial court further found:

> The parties encountered many changes in the scope of the initially agreed upon work. Plaintiff performed additional work at the request of or with the acquiescence by Defendants, all as contained in twenty-five (25) separate change orders attached to Plaintiff's Petition and marked as Exhibit B to that Petition. Defendants did not sign of [sic] formally agree to certain change orders totalling $5,335.29 for work performed under said change orders. Defendants, however, accepted and adopted the work performed under said change orders as a routine practice and without objection.

Based upon the foregoing factual findings, the trial court concluded

> ... that Plaintiffs are entitled to recover for the $5,335.29 as for work performed by Plaintiff as set out in the change orders, work which all credible testimony indicated was accepted by Defendants' words and actions, as well as the actions of the Defendants' representative, Mr. Hastings.

Kirchenbauers argue that the unsigned change orders constitute a modification to the contract and that the assent of both parties, allegedly lacking here, is necessary to create a valid modification. As an initial matter, the work performed pursuant to change orders constitutes no modification because the contract unambiguously contemplates "changes" in the scope of the work and provides a basis to pay for the work performed pursuant to the change orders. Moreover, the contract fails to require written, signed change orders as a prerequisite to payment for performing work designated as a change in the scope of the contract.

Evidence adduced at trial disclosed that, as a practice, the contractor sought to obtain the Kirchenbauers' signature on a written change order prior to seeking payment for the work performed. Evidence also revealed that Markway often performed additional work prior to obtaining Kirchenbauers' signature on a change order. In addition, evidence showed that, with the exception of some expensive programmable thermostats, the Kirchenbauers accepted the work performed pursuant to the unsigned change orders and at no time expressed any complaints with respect to either the cost or the workmanship.

The trial court permitted payment for the unsigned change orders on the theory that the Kirchenbauers "accepted and adopted the work performed under said change orders as a routine practice without objection." This approach, which accords with the Supreme Court holding in *H.B. Deal Constr. Co. v. Labor Discount Center, Inc.*, 418 S.W.2d 940, 950 (Mo.1967), is justified by the evidence adduced at trial.

■ In its cross appeal, Markway disputes the set-off ordered by the trial judge in the amount of $7,200 for costs incurred by the Kirchenbauers as a result of delays in construction.[1] The finding of fact underlying the trial court's conclusion with respect to the $7,200 set-off was as follows:

---

1. The Kirchenbauers were also awarded $200 as a set-off for defective tile work. Markway does not appeal this portion of the set-off.

Plaintiff did not perform certain HVAC, plumbing and electrical work in sufficient time to allow Defendants to take partial occupancy of the residence until, by testimony of Bryce Hastings, on or before August 27, 1987. Defendants paid $7,200.00 for lodging and associated costs to the Chase Park Plaza Hotel while awaiting partial occupancy, being $1,700.00 per month for rent.[2]

The contract between the parties required certain HVAC, plumbing, and electrical work to be completed by June 9, 1984, four weeks after the date the contract was signed. This work was deemed sufficient to allow partial occupancy. Uncontroverted testimony at trial disclosed that the work required to allow partial occupancy was completed by August 27, 1984. Although partial occupancy was possible on that date, the Kirchenbauers chose to remain in alternative lodgings until October 15, 1984. Mrs. Kirchenbauer testified that her primary reason for remaining at the Chase Park Plaza was a concern about the effect of paint fumes on her newly-adopted infant. Although the Kirchenbauers' concern for their new baby is understandable, the contract contained no requirement that Markway finish painting prior to the owners' partial occupancy of their residence.

The Kirchenbauers' decision to delay partial occupancy until October 15, 1984, was attributable to a concern unaddressed by the contract: completion of painting prior to partial occupancy. Thus, responsibility for losses accruing subsequent to August 27, 1984, belonged to the Kirchenbauers, not to Markway. Given the trial court's finding that the Kirchenbauers could partially occupy the residence on August 27, 1984, a set-off that reflects payment for delays through October 15, 1984, is unsupported by the evidence. In its brief and at oral argument, Markway conceded that all of the expenses claimed by the Kirchen-

bauers for the month of August were due. Accordingly, with respect to Markway's cross-appeal, we affirm the judgment of the trial court, in the amount of $3,600, permitting damages for delay through August 1984; we vacate that judgment insofar as it awards damages in the amount of $3,600, for delay occurring after August, 1984.

Judgment affirmed in part and vacated in part.

DOWD, P.J., and SIMON, J., concur.

---

2. Associated costs added the costs of parking ($70 per month) and of maid service ($30 per month) to the monthly rental of $1700.