In re the MARRIAGE OF Wendy
A. BUCHANAN and Michael
R. Buchanan.

Wendy A. Buchanan, Petitioner–
Respondent,

and

Michael R. Buchanan, Respondent–
Appellant.

No. 18814.

Missouri Court of Appeals,
Southern District,
Division Two.

July 6, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 27, 1994.

Application to Transfer Denied
Sept. 20, 1994.

Kay S. Graff, Springfield, for petitioner-
respondent.

Jerry L. Reynolds, Ronald A. Conway,
Reynolds & Conway, Springfield, for respon-
dent-appellant.

PREWITT, Judge.

Appellant contends the trial court erred in
its decree dissolving the marriage of the
parties. He has also filed here a motion to
strike an additional legal file provided by
respondent. That motion is well taken as the
matters contained in the additional legal file
do not relate to the issues presented. The
motion to strike the additional legal file is
sustained.

Review of this nonjury matter under
Rule 73.01(c) requires that the trial court's
decision be sustained, unless there is no sub-
stantial evidence to support it, unless it is

against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *In re Marriage of Reagan*, 589 S.W.2d 118, 120 (Mo.App. 1979).

■ On appellate review of a case tried without a jury, due regard is given to the opportunity of the trial court to have judged the credibility of the witnesses. Rule 73.-01(c)(2); *Looney v. Estate of Eshleman*, 783 S.W.2d 164, 165 (Mo.App.1990). The trial judge is in a better position than this court to determine the credibility of the parties, their sincerity, character and other trial intangibles which may not be shown by the record. *In re Marriage of Chilton*, 576 S.W.2d 584, 585 (Mo.App.1979).

■ We first discuss appellant's initial point, that the trial court erred in finding that he was not the father of a child born during the marriage. Among his contentions are that he is the "presumed father ... which presumption has not been overcome". Appellant points us to such cases as *P.L.K. v. D.R.K.*, 852 S.W.2d 366, 368 (Mo.App.1993), containing statements that "there is no stronger presumption than a child born during marriage is a legitimate child." Here, however, not only was there other evidence to rebut the presumption, appellant testified:

Q. Now, Mr. Buchanan, you know you're not Jessica Lynn Buchanan's biological father?

A. Yes.

Q. And when Wendy Buchanan filed this action for dissolution of marriage in June of 1989 you filed a sworn answer to that petition, didn't you?

A. Yes.

Q. And in that sworn answer you stated, "I'm not Jessica Lynn Buchanan's father."

A. Biologically speaking, yes.

In her petition for dissolution respondent alleged that one child was born during the marriage, but appellant "is not said child's biological father." Appellant's answer stated that he "is not the natural father of said child." Thereafter, he filed an amended answer by which he "withdraws ... that he is not the natural father ... and states that it is biologically possible he is the father". Later in the amended answer he states that regardless of whether he is the natural father "significant bonding developed between" he and the child and he "loves the child as his own whether she be his biological child".

The testimony of appellant and respondent's evidence overcame the presumption that appellant is the father of the child. Appellant acknowledged that he was not and therefore he is not in a position to complain of the court's finding that he was not the child's father. His first point fails for this reason.

■ Appellant's remaining contention is that the trial court erred in its division and classification of marital property because he received "a nonexistent pension plan", the division of property "was one-sided, not just and an abuse of discretion", and the court failed to divide respondent's "pension plan".[1]

■ Division of property is a matter within the sound discretion of the trial court and its decision should not be disturbed unless abused. *Reagan*, 589 S.W.2d at 120. This court lacks jurisdiction where the trial court has not distributed all of the marital property. *See Zimmer v. Zimmer*, 826 S.W.2d 904 (Mo.App.1992).

There is some question if the trial court distributed the employee plan of respondent. However, we presume that the trial court did intend to distribute the plan and construe the judgment together with the trial judge's comments thereafter as an intention to have the benefits from the plan to be solely respondent's.

Based on this assumption, we conclude that the trial court's judgment, including the provisions as to the disposition of the parties' property, is supported by substantial evidence, is not against the weight of the evidence, and that no error of law appears. No abuse of the trial court's discretion is shown

---

1. At various times in the record and briefs the employee benefit plan of respondent is referred to as a "pension plan", a "profit sharing plan" or a "profit sharing pension" plan. However it would accurately be referred to makes no difference in the result here.

and any further opinion would have no precedential value.

The judgment is affirmed in compliance with Rule 84.16(b).

FLANIGAN, P.J., and CROW, J., concur.