**STATE of Missouri, Respondent,**

v.

**Charles Anthony WICKIZER, Appellant.**

**No. KCD 28840.**

Missouri Court of Appeals,
Kansas City District.

Feb. 27, 1978.

Jerry W. Venters, Jefferson City, for appellant.

John D. Ashcroft, Atty. Gen., Stanley Robinson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Charles Wickizer was convicted of injuring a building which was the property of the Missouri Division of Corrections while he was an inmate confined at the intermediate reformatory, popularly known as Algoa. § 216.460, RSMo 1969. He was sentenced by the court under the Second Offender Act to imprisonment for three years.

On this appeal Wickizer raises points concerning the constitutionality of § 216.460, the admission of the serial records maintained by the penitentiary and double jeopardy because he was given administrative punishment. Affirmed.

By testimony from a guard and by his own admission, Wickizer broke eleven windows and an electric clock in a dormitory.

■ Wickizer first contends in his brief that § 216.460 is constitutionally infirm because it is vague for failure to identify the building or workshop or other property which inmates are forbidden to injure. He also urges the same section suffers from the constitutional defect that it denies Wickizer equal protection of the laws because it is not a crime for anyone not an inmate to injure a building or workshop belonging to the Department of Corrections. The first time these points were raised was in the motion for a new trial. In *State v. Arnett*, 370 S.W.2d 169, 172[1–3] (Mo.App.1963) it was held a constitutional question raised in the motion for a new trial was not raised soon enough. It is well settled, as stated in Arnett, that constitutional questions must be raised at the first opportunity which good pleading and orderly procedure will permit. Rule 25.06 allows any defense or objection which is capable of determination without a trial of the general issue to be raised before trial by motion. The constitutional infirmities in this section could have been raised by motion prior to trial. Since such objections were not raised at the first opportunity available, their inclusion in the motion for new trial came too late to gain judicial notice. Further, the constitutional validity of this statute is within the exclusive jurisdiction of the Supreme Court. Mo. Const. art. 5, § 3. For that reason this court has no jurisdiction to consider these attacks sua sponte under the plain error doctrine of Rule 27.20.

■ Wickizer next objects to admission of a certified transcript of the serial record maintained on Wickizer by the penitentiary. This transcript was certified by the warden. Wickizer contends this record was not properly identified under the Business Records Act, § 490.680, RSMo 1969. Wickizer misconceives the basis of the admissibility of this record. The record has been held admissible independent of the Uniform Business Records Act. *State v. Plant*, 461 S.W.2d 736, 738[2] (Mo.1971) and cases therein cited. Furthermore, in this case Wickizer took the stand and admitted his conviction of stealing for which he was incarcerated at the time of the incident. In short, Wickizer admitted everything sought to be shown by the certified serial record.

■ Wickizer finally contends he suffered double jeopardy when he was prosecuted in this action after he had been subjected to administrative discipline by the Department of Corrections. This point has been ruled directly against *Wickizer in State v. Croney*, 425 S.W.2d 65, 67[3, 4] (Mo.1968).

The judgment is affirmed.

All concur.