**STATE of Missouri, Respondent,**

v.

**Lonnie D. SNELLING, Appellant.**

**No. 44826.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 22, 1983.

Judy A. McKinsey, Clayton, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Thomas M. Shea, Pros. Atty., Paris, for respondent.

CRANDALL, Presiding Judge.

Appellant was convicted, in a jury trial, of violating § 252.040, RSMo (1978) by taking one cottontail rabbit in excess of the limit. The jury assessed a $300 fine. Judgment and sentence was entered in accordance with the jury verdict and this appeal ensues. We reverse and remand.

Appellant first challenges the sufficiency of the evidence. Appellant's point is not preserved for appellate review.[1] There was no motion for judgment of acquittal at the close of the State's case or at the close of all of the evidence. There was no mention of this contention in appellant's motion for new trial as required by Rule 29.11(d). A point first presented on appeal is not preserved for review. *State v. Wilhite,* 580 S.W.2d 763, 764 (Mo.App.1979). Although not required, we have examined the record and find no basis for review under plain error. Appellant's first contention is denied.

Appellant next contends that the trial court erred in commenting, in the pres-

---

1. We note that appellant represented himself at the trial level; therefore, the failure to properly preserve any alleged trial error is not attributable to present counsel.

ence of the jury, on appellant's failure to testify. Again, the point is not preserved and is only reviewable as plain error. Rule 30.20. After the State had rested its case in chief, the following occurred in the presence of the jury:

THE COURT: Okay. Now, Mr. Snelling, it's—you are entitled to present what evidence you wish to present before the Court and jury at this time. If you want to make a statement from the witness stand,—

MR. SNELLING: I will make a statement, Your Honor, and—at this time.

THE COURT: Well, I want you to be sworn as a witness.

MR. SNELLING: No, just a moment. Your Honor, that was just a closing statement. It was not a statement on the—

THE COURT: What?

MR. SNELLING: I said that was a closing statement as representing myself, not as a witness.

THE COURT: Okay. I understand that. Go ahead and take the oath.

(Witness sworn.)

THE COURT: Come on up here to the witness stand. Okay. Now, you can make a narrative statement to the jury and then the prosecutor will have a chance to cross-examine you on that statement.

MR. SNELLING: Well, that's what I said, Your Honor, that it was more of a closing statement as my defense, not a statement as a witness. I feel that the only thing I could do as a witness is confuse the issue.

THE COURT: Well, are you saying that you don't want to testify to the jury?

MR. SNELLING: No, no. Right.

THE COURT: You don't want to?

MR. SNELLING: No.

THE COURT: You're not required to. I thought you said that you did want to.

MR. SNELLING: No.

THE COURT: All right.

MR. SNELLING: I was just going to make a closing statement.

THE COURT: All right. Do you have any further evidence that you wish to present. I didn't understand you awhile ago. You don't—

MR. SNELLING: No more than a closing statement.

THE COURT: Okay. Well, we have to get the instructions ready before that.

MR. SNELLING: All right.

THE COURT: The Defendant chooses not to testify this morning which he has a right to do and no inference should be made from the fact that he did not testify.

Do you have any further evidence that you want to present?

MR. SNELLING: No, Your Honor.

THE COURT: None?

MR. SNELLING: No.

The trial judge's inquiry, though inadvertent, regarding appellant's failure to testify in his own behalf was a direct reference to appellant's exercise of his constitutional right against self-incrimination and, as such, was plain error. *State v. Gray*, 503 S.W.2d 457, 463 (Mo.App.1973). The court's admonition to the jury that no inference should be made from appellant's failure to testify exacerbated the error. Such admonition was not given to the jury in writing as required by Rule 27.05(b) and should not have been given, in any event, absent a request by appellant. Rule 27.05(b); MAI–CR 3.76.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

CRIST and KAROHL, JJ., concur.