**Harold E. DRAPER and Norma A. Draper, Plaintiffs-Appellants,**

v.

**Jack L. ARONOWITZ, Defendant-Respondent.**

No. 48957.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 13, 1985.

David R. Spitznagel, Clayton, for plaintiffs-appellants.

James B. Kleinschmidt, St. Louis, for defendant-respondent.

CARL R. GAERTNER, Judge.

Plaintiffs Harold and Norma Draper appeal from a $533.69 judgment in their favor against defendant Jack Aronowitz in a suit on a promissory note. The issue relates to the parties' differing interpretations of a delinquent interest clause contained in the note.

Before reaching the merits, we address defendant's charge that plaintiffs' two points of error fail to comply with Rule 84.04(d). We agree. The points complained of are as follows: ·

(1) An interest penalty for delinquent interest is due from the date of the instrument or if it is undated from the date of issue where the delinquency clause is ambiguous.

(2) If a contract is fairly open to two interpretations, that construction must be adopted which is against him who prepared it.

There is no question these points are simply abstract statements of law neglect-

ing to set forth wherein and why the action of the trial court is claimed to be erroneous and are therefore violative of Rule 84.04(d), preserving nothing for review by this court. *Thummel v. King,* 570 S.W.2d 679, 685 (Mo.banc 1978).

Cited as authorities in support of the first point relied on are *State v. Wickizer,* 563 S.W.2d 109 (Mo.App.1978), a criminal case involving a conviction of a penitentiary inmate who broke 11 windows and an electric clock in the penitentiary, and RSMo. 400.3–117, a section of the Uniform Commercial Code entitled "Instruments Payable with Words of Description." These authorities are totally unrelated to any issue in this case.

The jurisdictional statement, rather than setting forth factual data demonstrating the applicability of the particular provision or provisions of Article V, Section 3 of the Constitution, as required by Rule 84.04(b) merely states that the defendant is a resident of the State of Missouri and therefore the appeal is to the "St. Louis Court of Appeals." *See Estate of DeGraff,* 560 S.W.2d 342, 344–45 (Mo.App.1977).

The requirements of Rule 84.04 are not only mandatory but also essential for the effective functioning of appellate courts. *Pickett v. Stockard,* 605 S.W.2d 196, 197 (Mo.App.1980). It is not our duty or responsibility to spend judicial time searching through legal files, transcripts or argument portions of briefs in an attempt to interpret the thrust of a party's contentions and correct counsel's deficiencies. *Tripp v. Harryman,* 613 S.W.2d 943, 950 (Mo.App.1981). Similarly, the ever increasing volume and complexity of litigation flooding our appellate courts leaves little time for us to search through casebooks and statutory compilations in an effort to locate misidentified authorities.

Appeal dismissed [1].

PUDLOWSKI, P.J., and KAROHL, J., concur.

1. We are always reluctant to punish a client for the deficiencies of his counsel. We have therefore, gratuitously, determined that the issues on this appeal are meritless. An instrument con-

taining a grace period "is not due in fact or in law until the last day of grace." *Blacker, Gerstle and Company v. Ryan,* 65 Mo.App. 230, 241 (1896).