**CARA INVESTMENT COMPANY, a Missouri Corporation, Appellant,**

v.

**PURCELL TIRE AND RUBBER COMPANY, a Missouri Corporation, Respondent.**

No. 50620.

Missouri Court of Appeals,
Eastern District,
Division One.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer
Denied Dec. 10, 1986.

Application to Transfer Denied
Jan. 13, 1987.

Charles S. Sigoloff, St. Louis, for appellant.

Maurice B. Graham, Robin E. Fulton, Schnapp, Graham, Reid & Fulton, Fredericktown, for respondent.

CRIST, Judge.

Action by appellant Cara Investment Company (lessor) against respondent Purcell Tire and Rubber Company (lessee) for breach of a lease of a commercial building by failing "to surrender said premises ... in substantially the same and in as good condition as received, ordinary wear and tear excepted." Upon trial, the jury

awarded lessor $3,200. It appeals, claiming the award is inadequate. We affirm.

In his first point on appeal, lessor expresses its offense at the action of lessee's president in giving his suitcoat to a female juror at the start of the trial. It is clear from the record the courtroom was extremely cold during the trial. During a bench conference dealing with objections to the testimony of lessor's first witness, lessee's counsel noted his client's president had given his coat to one of the jurors who was very cold. It was suggested by lessee's counsel the coat be returned at a recess. The court then asked if lessor had a motion to make, and lessor responded with a motion for a mistrial. This motion was overruled, the court characterizing the action "as an impulsive gesture" that he did not think would be "injurious under the circumstances." But at the first opportunity, he would ask the coat be returned. He then had his robe taken over to the juror and exchanged for the coat.

■■■ Contact between a juror and a party is not misconduct *per se*. *Knothe v. Belcher*, 691 S.W.2d 297, 299 (Mo.App. 1985). Whether to grant a mistrial on the grounds of jury misconduct is a matter consigned to the discretion of the trial court. *Berry v. Allgood*, 672 S.W.2d 74, 78 (Mo. banc 1984). If the contact appears to be evilly motivated, mistrial follows without regard to prejudice. However, if the contact was wholly innocent, a mistrial does not follow when no prejudice resulted from the contact. *Berry*, 672 S.W.2d at 77.

■■■ We find no abuse of discretion. Lessor concedes the facts are undisputed; therefore, no further hearing was necessary. *Cf. Knothe*, 691 S.W.2d at 299. Nothing suggests the contact was less than wholly innocent. The incident was not disruptive and caused hardly a ripple in the trial process. Further, no prejudice is apparent. While lessor claims the verdict was inadequate, it cites us to no facts which establish the verdict failed to fully compensate lessor for its damages. No factual references appear in the appellant's brief, and in the reply brief we are only referred to the contents of some photographs which do not mandate reversal. Point I is denied.

For his second point relied on, lessor states:

The trial court erred in giving instructions No. 7 [sic] (not an MAI instruction) since the instruction was confusing, misleading, ambiguous and indefinite.

The challenged instruction reads:

In determining what is ordinary wear and tear of the leased premises you may take into consideration the anticipated use of the premises.

■■■ The point relied on, as written, violates Rule 84.04(d). It is merely an abstract statement of law, and does not state wherein and why the instruction was reversibly erroneous. *Draper v. Aronowitz*, 695 S.W.2d 923, 923–24 (Mo.App.1985). Furthermore, in the argument portion of the brief, lessor does not cite us to specific references in the transcript and does not specify any facts which show prejudice resulted as a result of the giving of this instruction. *In re Marriage of Palmquist*, 632 S.W.2d 317, 318 [1, 2] (Mo.App.1982). We have no duty to search the transcript in the first instance to discover the facts which substantiate a point on appeal. *Draper*, 695 S.W.2d at 924. As lessor failed to state facts which show prejudice resulted from the use of this instruction, the point is denied.

■■■ In its last point relied on, lessor states:

The jury's assessment of grossly inadequate damages indicates that the jury was motivated by bias, prejudice or other misconduct especially when the jury found for Cara in the question of liability.

Lessee has filed a motion to strike this point as violative of Rule 84.04(d). This point as written specifies no ruling of the court as being in error, or wherein and why the court erred in making that ruling. It preserves nothing for review. *Elliott v. Mid-Century Ins. Co.*, 701 S.W.2d 462, 464[1] (Mo.App.1985). The argument por-

tion of the brief does not save lessor from its failure to follow the rules for the preparation of points relied on. No facts showing either inadequate damages or an inappropriate motivation on the part of the jury are shown.

The judgment is affirmed.

KELLY, P.J., and STEPHAN, J., concur.