Joyce HAMMONS, Plaintiff–Respondent,

v.

**Georgia HAMMONS and James Hammons, Defendants–Appellants.**

Nos. 51540, 51583.

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 10, 1987.

Motion for Rehearing and/or Transfer Denied Dec. 10, 1987.

Application to Transfer Denied Jan. 20, 1988.

Georgia Hammons and James Hammons, pro se.

Richard Bumb, McAvoy and Bumb, Fenton, for Joyce Hammons.

CARL R. GAERTNER, Presiding Judge.

On June 7, 1982, plaintiff Joyce Hammons filed a petition seeking to replevy a 1980 Volkswagen automobile owned by the late Charles Ray Hammons. Joyce, Charles's widow, claimed the right to possession of the automobile because the Probate Division of the St. Louis County Circuit Court had issued an order refusing letters of administration. Defendants, James and Georgia Hammons, the brother and sister of Charles, answered and counterclaimed. They alleged Charles gave the car to James, who subsequently paid the balance of a bank loan secured by a chattel mortgage on the car. After a turbulent history which saw defendants, now pro se, represented by three different attorneys, the appointment of at least three different deposition commissioners, numerous discovery sanctions, three prior sojourns to this court, and a default judgment vacated for procedural irregularity, the case was tried before a jury on March 3 and 4, 1986. The trial court directed a verdict against defendants on their counterclaim. The jury found for plaintiff on plaintiff's claim that she was entitled to possession of the Volkswagen and found that the car's present market value was $2,200.00. The jury found in favor of the defendants on the plaintiff's claim for damages for wrongful detention of the Volkswagen. In accordance with these verdicts the trial court entered judgment in favor of plaintiff and against defendants for $2,200.00 to be offset by the sum of $4,460.13. Plaintiff had previously garnished the latter amount following the default judgment which was later vacated by this court. All parties appeal.

1. No direct attack upon the probate order has ever been made by James, Georgia or any of the three attorneys who previously represented them in this matter. An order of refusal of letters is "a judgment entitled to the same weight as a judgment of any other court of record and is not open to collateral attack." *Todd v. Security Ins. Co. of New Haven, Connecticut,* 203 Mo.App. 474, 478, 221 S.W. 808, 809 (1920). The validity of the marriage of Charles and Joyce is established by the November 25, 1981 order and was admitted by the defendants

## APPEAL OF JAMES AND GEORGIA

On their appeal from the adverse judgment on their counterclaim, James and Georgia have favored us with a two volume 544 page legal file; a four volume, 461 page transcript; and a brief of exactly 100 pages. This brief is, to say the least, rambling, confusing, filled with extraneous and irrelevant matter, and is in violation of every subsection of Rule 84.04. It appears to consist primarily of a collateral attack on the November 25, 1981 order of the Probate Division granting plaintiff's application for a refusal of letters; the attack appears to rely on the contention that the marriage of Charles and Joyce was bigamous.[1] It is not our duty or responsibility to search through legal files, transcripts and briefs in an effort to discover hidden gems of potential merit whose dubious existence is obscured by the sheer volume of extraneous material. *Cara Inv. Co. v. Purcell Tire & Rubber Co.,* 721 S.W.2d 137, 138 (Mo.App.1986); *Draper v. Aronowitz,* 695 S.W.2d 923, 924 (Mo.App.1985). Plaintiff's motion to dismiss defendants' appeal is sustained.

## JOYCE'S APPEAL

Joyce claims that the trial court erred in entering judgment based upon the allegedly inconsistent and contradictory jury verdicts which find her entitled to the Volkswagen but not entitled to damages for its wrongful detention. She argues that the jury found her entitled to the car based upon the probate order refusing letters of administration, and she also claims that the order established the value of the car at $7,025.00 as of the date of the order. Since the jury found the present value of the car to be $2,200.00, Joyce concludes

in their original answer to plaintiff's petition. Moreover, that identical issue was litigated in a proceeding concerning survivor's benefits arising as a result of Charles' status as an employee of the Veterans Administration and as a retiree from military service. The office of personnel management, the United States Merit System Protection Board and the United States Court of Appeals for the Federal Circuit all upheld the validity of the marriage against the identical challenge defendants attempt to assert in this cause.

that she was entitled to damages of $4,825.00 by "unassailable and mandated arithmetic that the jury was legally compelled to engage in." We are constrained to reject this "simple arithmetical computation" argument. The probate order refusing letters of administration constitutes an adjudication of ownership and right of possession; it does not adjudicate the value of the Volkswagen as of the date of the order. The jury was free to disregard the representation of value which first appeared in the application for the order and was later carried over in the order itself since that sum is nothing more than a self-serving declaration. *Troyer v. Click*, 457 S.W.2d 221, 223 fn. 3 (Mo.App.1970).

 The basis of plaintiff's allegation is that the jury's verdicts are inconsistent and contradictory since one verdict found that she was entitled to possession of the Volkswagen on and after November 25, 1981 and the second verdict found in favor of defendants on the issue of wrongful detention damages.[2] We disagree. A favorable verdict for plaintiff on the issue of wrongful detention required the jury find not only that plaintiff was entitled to possession and that defendants detained the automobile without plaintiff's permission but also that plaintiff was thereby damaged. The jury knew that defendants had paid off the indebtedness secured by a chattel mortgage on the Volkswagen and had paid the annual personal property taxes on the car. We are admonished by our Supreme Court to "look at the entire record to discern the intent of the jury. Liberal regard should be given to the verdict so that the court may give it effect whenever possible." *Campbell v. Kelley*, 719 S.W.2d 769, 771 (Mo. banc 1986). Where unliquidated damages are an element of the cause of action, a finding for the plaintiff which does not award damages may be treated as a verdict for the defendant. *Id.* Guided by these principles, we believe the verdicts of the jury are capable of reconciliation. Under the evidence in this case the jury may well have concluded that whatever

damages plaintiff sustained by the detention of the Volkswagen were offset by the defendant's expenditures for payment of the loan and for taxes.

Accordingly, defendants' appeal is dismissed and the judgment of the trial court is affirmed in all respects.

SIMEONE, Senior Judge, and DIERKER, Special Judge, concur.

---

**2.** We do not address the issue of retrospective application of waiver of objections to inconsist-

ent verdicts as established in *Douglass v. Safire*, 712 S.W.2d 373 (Mo. banc 1986).