**Lonnie SNELLING, Appellant,**

v.

**Lloyd STEPHENSON, Respondent.**

**No. 53403.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 8, 1988.
Rehearing Denied April 6, 1988.

Lonnie Snelling, pro se.

Lloyd Stephenson, pro se.

CRIST, Judge.

Appeal dismissed for failure to comply with Rule 84.04.

Plaintiff (landlord) appeals a judgment in favor of defendant (tenant). The trial court found against landlord in his suit for past-due rent.

Apparently there was an agreement between landlord and tenant in which tenant agreed to work for landlord as partial payment of the rent. Landlord is tenant's uncle. The testimony at trial differed as to how the tenancy ended. Landlord testified tenant left. Tenant testified he was evicted and his furniture was retained by landlord. The trial court found for tenant and awarded no damages to either party.

We dismiss landlord's appeal because his brief failed to comply with Rule 84.04. Rule 84.04(c) requires that the statement of facts "be a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Landlord's violations of this requirement are too numerous to mention.

Furthermore, Rule 84.04(d) requires that "[t]he points relied on ... state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Rule 84.04(d). Landlord's brief listed five points relied on, and all of them were conclusory and failed to comply with Rule 84.04(d).

We are aware of the fact that landlord chose to act as his own lawyer in this action; however, "parties proceeding *pro se* are bound by the same rules as lawyers. They are entitled to no indulgence they would not have received if represented by counsel." *Jim Medve Inv. Co. v. Bailous*, 740 S.W.2d 678, 680[4] (Mo.App.1987);

*Boyer v. Fisk*, 623 S.W.2d 28, 30[3] (Mo. App.1981).

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.