Leon PAIGE, et al., Appellants,

v.

CITY OF UNIVERSITY CITY and R.V. Wagner, Inc., Respondents.

No. 56161.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 31, 1989.

---

Jerome Ramey, Dorian Bell Amon, St. Louis, for appellants.

Paul S. Brown, St. Louis, Marlene E. Ernst, John G. Doyen, Clayton, for respondents.

CRIST, Judge.

This action is by a number of homeowners on Parkway Drive for damages to real estate caused by road construction work. Appellants alleged R. V. Wagner Construction caused the damages and was negligently hired by University City.

Summary judgment was entered against appellants Larry and Donna Leggett and against Clarence and Ronda Williams because they bought their property after the tort occurred. At no time did they receive an assignment of rights from the previous titleholders. Summary judgment was entered against appellants Worth Hayes and Bernice Thomas because they were joined as plaintiffs after the statute of limitations had run. All other claims against respondents have been settled or determined.

Respondents City and Wagner filed separate briefs. Each properly complains about appellants' brief.

Appellants' brief contains no jurisdictional statement. Rule 84.04(d). Their "preliminary statement" shows there is jurisdiction.

Appellants' statement of facts consists of five sentences. It fails to comply with Rule 84.04(c) in that it does not contain facts relevant to the question presented for determination. It has no page reference to the legal file. Rule 84.04(h). These deficiencies were not cured in the argument portion of appellants' brief.

■ Rather than setting forth points relied on, appellants set out two "issues." The "issues" were abstract statements as to whether the statute of limitations had run and whether subsequent purchasers of real estate can bring an action for damages caused before purchase. This part of the brief does not show wherein and why appellants are entitled to relief. No authorities are cited "thereunder" as required. Rule 84.04(d) is violated and nothing is preserved for review. *Draper v. Aronowitz*, 695 S.W.2d 923, 924 [1] (Mo.App.1985).

■ In the argument portion of appellants' brief there are no page references to the legal file. Rule 84.04(h). There is little reference to any facts. It is confusing. Appellants' brief is so utterly deficient we must dismiss the appeal. *Id.*

To prevent manifest injustice, we have ex-gratia searched the record on appeal and gleaned information from all briefs. Appellants' claims are meritless.

Appeal dismissed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.