Lonnie SNELLING, Appellant,

v.

Barbara JACKSON and Toni
Conner, Respondents.

No. 57319.

Missouri Court of Appeals,
Eastern District,
Division Five.

April 24, 1990.

Lonnie Snelling, University City, pro se.

Barbara Jackson and Toni Conner, University City, pro se.

SIMON, Chief Judge.

Plaintiff, Lonnie Snelling, appeals from the trial court's denial of his petition seeking an injunction against defendants, Barbara Jackson, Charles Jackson, and Toni Conner, on a claim of maintaining a nuisance. Charles Jackson was dismissed by the trial court prior to trial on the motion of plaintiff for lack of service. The remaining defendants neither filed a response to plaintiff's petition nor appeared at trial and have not entered an appearance on appeal or filed any responsive pleadings. Plaintiff represented himself both at trial and on appeal.

On appeal, plaintiff claims that the trial court erred: (1) pursuant to Rule 74.045, although plaintiff cited Rule 74.09; (2) pursuant to University City Municipal Code 28.2, Section 28.2, Ordinance No. 4246, § 1, and Ordinance No. 4875, § 1; (3) pursuant to Rule 55.25 of the Rules of Civil Procedure; and (4) in dismissing plaintiff's cause of action and assessing the cost against plaintiff.

The sparse record on appeal reveals that plaintiff filed a petition praying for a permanent injunction to be entered against defendants alleging that defendants continuously allowed their children, along with other children, to play ball in the street, thereby causing damage to plaintiff's property. The petition also asked for special damages and an order requiring the posting of a performance bond by defendants. At trial, only plaintiff appeared and testified. He testified that he previously had filed a claim to recover for damage done to one of his vehicles against Charles and Barbara Jackson. Plaintiff stated that as a result of this petition, the Jacksons had paid for the damage to his vehicle. Plaintiff did not refer to any other damage that occurred to his property except for this single incident. After trial, the trial court denied plaintiff's petition for a permanent injunction enjoining the defendants from allowing their children to gather on the street. Plaintiff appeals from this order.

We dismiss plaintiff's appeal because his brief has failed to meet the re-

quirements of Rule 84.04(d). When a party represents himself he must satisfy all the relevant rules of procedure. *Snelling v. Stephenson,* 747 S.W.2d 689, 690 (Mo.App. 1988). "Parties proceeding *pro se* are bound by the same rules as lawyers." *Id.* Plaintiff's "Points Relied On" fail to "state briefly and concisely what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous...." Rule 84.04(d). Plaintiff's brief lists four "Points Relied On," and all of them are conclusory and fail to comply with Rule 84.04(d). Parties proceeding *pro se* "are entitled to no indulgence they would not have received if represented by counsel." *Snelling,* 747 S.W.2d at 690. Appeal dismissed.

DOWD, P.J., concurs.

JOSEPH J. SIMEONE, Senior Judge, concurs in concurring opinion.

SIMEONE, Senior Judge, concurring.

Although I agree the appellant's brief does not technically comply with the Rules, and that a *pro se* appellant should be held to approximately the same standards as attorneys, I would affirm based on the merits.

Plaintiff sought a permanent injunction to restrain defendants from allowing their children, along with other children, to play ball in the street, which sometimes caused some damage to plaintiff's property. The trial court thought this was a "quasi-criminal matter ... and I'm not sure I can order anybody not to be in the street. I'm not sure I want to." The trial court, in my opinion, was correct. There are alternative remedies available, if necessary, other than the discretionary remedy of the "strong arm of equity," including § 537.045 R.S. Mo., 1986; *see also, National Dairy Products Corporation v. Freschi,* 393 S.W.2d 48, 57 (Mo.App.1965). Unless so boisterous, offensive, oppressive or burdensome, equity has declined to act. Children are inclined to play baseball in the streets, es-

pecially in the blooming time of Spring, and the courts, in general, have not enjoined such activity. *See annot.,* 32 A.L.R.3d 1127, 1135–1137 (1970). The trial court, exercising its discretion as a chancellor, denied the permanent injunction. There was no error. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). Therefore, I would affirm.