Marilyn F. MEYER, Appellant,

v.

Clifton M. BUELL, et al., Respondents.

No. 58681.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 9, 1991.

Marilyn F. Meyer, St. Louis, pro se.

James W. Whitney, Jr., Kenneth A. Leeds, St. Louis, for respondents.

PER CURIAM.

Plaintiff, Marilyn F. Meyer, acting pro se, instituted this action on January 20, 1987, against six defendants. Summary judgment was granted in favor of two defendants and plaintiff's seventh amended petition was dismissed with prejudice as to the other four defendants. Plaintiff appeals.

Plaintiff's brief fails to comply with the requirements of Rule 84.04 in the following respects:

1. The statement of facts consists of a chronology listing the dates upon which certain pleadings were filed and orders were entered. It is totally devoid of any facts relevant to the questions presented for determination. Rule 84.04(c).

2. The eleven points relied on consist of abstract statements and conclusions with no citations of authority. Rule 84.04(d). Six of the eleven points relied on concern matters which allegedly occurred during presentation of various non-testimonial motions to the trial court. Since no record was made of these proceedings, the points are totally unsupported by the record on appeal.

3. No page references to the legal file are contained in the statement of facts or in the argument. Rule 84.04(h).

The record presented to us fails to support the principal argument asserted by plaintiff: that the trial court erred in deeming defendant's request for admissions to be admitted. The legal file contains the request for admissions but no response by plaintiff. Typewritten on a blank page inserted in the legal file, with no signature or identification, is the following statement:

> Plaintiff's Response to Defendants' Request for Production and Request for Admissions were filed with this court on March 9, 1990. A thorough search of file [sic] shows that the above mentioned responses have been removed from the files and are lost.

In their brief, defendants deny that they ever received copies of plaintiff's response to the request for admissions and deny that plaintiff presented a copy of any response to the trial court. The proper procedure for correcting the legal file in the event of the loss or the destruction of pleadings, as set forth in Supreme Court Administrative Rule 4.11, is to reconstruct the file from copies of lost or destroyed pleadings under the supervision of the court. Rather than following this procedure, plaintiff has set forth what she claims to be her responses in her appellate brief filed in this court. These responses are, for the most part, evasive and non-responsive. Therefore,

even though we accept as true plaintiff's assertion of timely filing, the trial court did not err.

Although plaintiff has a right to represent herself, she is bound by the same rules of procedure as those admitted to practice law and is entitled to no indulgence for failure to comply with those rules. *Johnson v. St. Mary's Health Ctr.*, 738 S.W.2d 534, 535 (Mo.App.1987). In *Johnson*, in *Paige v. City of University City*, 780 S.W.2d 93, 94 (Mo.App.1989), in *Snelling v. Stephenson*, 747 S.W.2d 689, 690 (Mo.App.1988), and in myriad other cases, violations of the Rules of Appellate Procedure similar to the violations in this case have warranted dismissal of the appeal. As stated long ago, "if [the Rules of Appellate Procedure] are not to be obeyed, they should be done away with once [and] for all." *Sullivan v. Holdbrook*, 211 Mo. 99, 109 S.W. 668, 670 (1908).

Appeal dismissed.