**STATE of Missouri, Respondent,**

v.

**George K. GORDON, Appellant.**

**No. 17332.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 7, 1992.

George Gordon, pro se.

No appearance for respondent.

MONTGOMERY, Judge.

Defendant was found guilty of a misdemeanor, driving while his operator's license was suspended or revoked, in violation of § 302.321, RSMo 1986. He was sentenced to five days in jail and given credit for five days previously served.

Defendant appeals proceeding pro se. His brief is fatally defective because it totally fails to comply with Rule 84.04.

Defendant's brief contains a "Jurisdictional Statement" with only bare recitals of our jurisdiction being invoked under Article V, Section 3 and Article I, Section 5, of the Missouri Constitution, and the First Amendment of the Constitution of the United States. Such bare recitals are insufficient as jurisdictional statements. Rule 84.04(b).[1]

Defendant's "Statement of Facts" is a long, rambling dissertation on his religious beliefs. For example, Defendant tells us he is "a Hebrew of the Nation of Israel, from the Tribe of Judah, of the Zarah line, born in the United States, and an expatriate." His "Statement of Facts" is not a fair and concise statement of the facts relevant to the questions presented for determination. Rule 84.04(c).

No "Points Relied On" are set forth nor does Defendant provide citations of any authorities relating to the questions presented for determination. We can assume that Defendant intends his "Questions on Appeal" to be taken as "Points Relied On." He poses six questions for us to determine such as "(2) Can a license be revoked for more than 1 year" and "(5) Does a state court have jurisdiction over an ambassador." We are not told what actions or rulings of the court are sought to be reviewed and wherein and why they are claimed to be erroneous. Rule 84.04(d).

The brief contains no "Argument" section. Apparently we are expected to glean Defendant's argument from his "Statement of Facts." Even if we were able to do so, his argument does not follow the order of his "Questions on Appeal." Rule 84.04(e). Finally, the brief contains no specific page references to the legal file or the transcript of some 156 pages. Rule 84.04(h).

In short, Defendant's brief is so deficient that it fails to preserve anything for appellate review. *Simpson v. Galena R–2 School Dist.*, 809 S.W.2d 457, 458 (Mo.App. 1991); *Paige v. City of University City*, 780 S.W.2d 93, 94 (Mo.App.1989).

Even an expatriate proceeding pro se must follow our rules the same as parties represented by lawyers. *Snelling v. Jackson*, 787 S.W.2d 906, 907 (Mo.App.1990); *Snelling v. Stephenson*, 747 S.W.2d 689, 690 (Mo.App.1988).

We dismiss Defendant's appeal because his brief fails to meet the requirements of Rule 84.04(b), (c), (d), (e) and (h).

Appeal dismissed.

FLANIGAN, C.J., and SHRUM, P.J., concur.

---

1. Rule references are to Missouri Rules of Court (1991).