Lonnie SNELLING, Appellant,

v.

**CHRYSLER MOTORS CORPORATION, Lou Fusz Dodge Company, and King Dodge, Inc., Respondents.**

No. 63043.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 22, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 28, 1993.

Application to Transfer Denied
Sept. 28, 1993.

Lonnie Snelling, pro se.

Stephen P. McGlynn, Belleville, for respondents.

Before CARL R. GAERTNER, P.J., and CRANE and CRAHAN, JJ.

PER CURIAM.

Plaintiff, Lonnie D. Snelling, appeals the trial court's order granting defendants' motion to dismiss and to enforce settlement. We dismiss the appeal for failure to comply with Rule 84.04 and assess damages for filing a frivolous appeal pursuant to Rule 84.19.

Plaintiff filed a three-count action against Chrysler Motors Corporation, Lou Fusz Dodge Company and King Dodge, Inc. Plaintiff alleged that a vehicle he purchased from Lou Fusz Dodge, manufactured by Chrysler and serviced by King Dodge, was defective and the warranty was not honored. On June 12, 1992, defendants filed a motion to dismiss and to enforce a settlement allegedly reached on June 8, 1992. On October 19, 1992, a hearing was held and the court found that the parties had settled for $3,750.00. The court ordered the cause dismissed with prejudice and ordered defendants to pay plaintiff $3,750.00. This appeal followed.

Plaintiff raises five points on appeal. None meet the "wherein and why" requirements of Rule 84.04(d). Taking notice of our own records, we find that this appeal constitutes at least the eighth time plaintiff has been before this court as an appellant. In five of the seven prior appeals, the court pointed out defects in plaintiff's brief.[1] On several occasions, plaintiff has been expressly warned that parties proceeding *pro se* are bound by the same rules as lawyers and are entitled to no indulgences they would not have received if represented by counsel. *See, e.g., Snelling v. Jackson,* 787 S.W.2d 906, 907 (Mo.App.1990); *Snelling v. Stephenson,* 747 S.W.2d 689, 690 (Mo.App.1988). Two of plaintiff's prior appeals were dismissed for failure to comply with Rule 84.04.[2] In each of those cases we pointed out the specific defects in the brief and directed plaintiff to Rule 84.04. In another appeal, this court reviewed *ex gratia* plaintiff's inadequate points, pointing out the deficiencies and once again directing plaintiff to Rule 84.04.[3] Despite such clear and repeated warnings, plaintiff has filed yet another appeal in violation of Rule 84.04.

Additionally, plaintiff, as the appellant, failed to file a complete record. Appellant has the duty to provide a full and complete record on appeal. *Matter of Estate of Voegele,* 838 S.W.2d 444, 446 (Mo. App.1992). If a matter complained of is not present in the record on appeal, there is nothing for the court to review. *Id.*

Plaintiff's brief violates Rule 84.-04(d) and the record provided by plaintiff is incomplete. Therefore, we dismiss.

Ordinarily, our analysis would end here, but defendants contend that plaintiff should be sanctioned for filing a frivolous appeal pursuant to Rule 84.19. We agree.

A frivolous appeal is one which presents no justiciable question and is so devoid of merit that there is little prospect that the appeal can succeed. *Voegele,* 838

1. *State v. Snelling,* 812 S.W.2d 216 (Mo.App. 1991); *Snelling v. Jackson,* 787 S.W.2d 906 (Mo. App.1990); *Snelling v. Stephenson,* 747 S.W.2d 689 (Mo.App.1988); *Snelling v. Boston,* 742 S.W.2d 584 (Mo.App.1987); and *State v. Snelling,* 647 S.W.2d 909 (Mo.App.1983).

2. *Snelling v. Jackson,* 787 S.W.2d 906 (Mo.App. 1990); *Snelling v. Stephenson,* 747 S.W.2d 689 (Mo.App.1988).

3. *State v. Snelling,* 812 S.W.2d 216 (Mo.App. 1991).

S.W.2d at 446–47. The purpose of Rule 84.19 is to prevent congestion of appellate dockets with unmeritorious cases, and to compensate respondents for their time and costs of responding to a futile appeal. *Id.* Damages for a frivolous appeal are to be awarded with great caution so as not to chill the right of appeal. *Id.* The remedy of damages for filing a frivolous appeal is drastic and should be assessed only when issues and questions are presented in bad faith or are not fairly debatable. *Lebedun v. Robinson,* 768 S.W.2d 219, 223 (Mo.App. 1989).

As previously noted, plaintiff's brief violates Rule 84.04 and the record provided by plaintiff is incomplete. An inadequate brief alone does not render an appeal frivolous; however, such a brief considered with the record may reflect that there is no "debatable issue" to justify an appeal. *Jensen v. Jensen,* 670 S.W.2d 16, 19 (Mo. App.1984). The purpose of Rule 84.19 is to correct abuses rather than to intimidate prospective appellants. *Lebedun,* 768 S.W.2d at 223.

█ The record does not reflect a good faith belief in the merits of this appeal. To the extent that plaintiff is attempting to appeal the trial court's denial of his motion for summary judgment, there can be no prospect of success because denial of summary judgment is not an appealable order. *Chism v. Steffens,* 797 S.W.2d 553, 557 (Mo.App.1990). Insofar as plaintiff is attempting to appeal the court's order granting defendants' motion to dismiss and to enforce the settlement, the record reflects a lack of merit and also supports an inference of bad faith. The only evidence plaintiff offered to counter defendants' affidavit that a settlement had occurred was offered after the court entered its judgment enforcing the settlement. Plaintiff offered the affidavit of his wife, Doshie Snelling, which essentially states that (1) she collects the mail and saw no letter concerning settlement; (2) she overheard one end of a tele-

phone call and did not hear plaintiff agree to the alleged settlement amount; and (3) plaintiff could not have agreed to a settlement because he never undertook such important decisions without discussing them with her beforehand and plaintiff had not done so in this instance. Plaintiff himself filed no affidavit denying that a settlement had occurred. This gives rise to a fair inference that he could not truthfully have done so and that this appeal was taken in bad faith to deprive defendants the benefit of their bargain.

█ Additionally, plaintiff omitted from the record evidence unfavorable to him. Specifically, plaintiff omitted *inter alia* his petition, defendants' motion to dismiss and enforce the settlement, the affidavit of Thomas Kelley stating the matter had been settled by the parties, defendants' memorandum in opposition to plaintiff's motion for summary judgment, defendants' memorandum in opposition to plaintiff's motion for new trial and request for sanctions, the affidavit of Stephen McGlynn stating that plaintiff admitted he had received the settlement letter, and defendants' motion to strike the affidavit of Doshie Snelling and request for sanctions.[4]

Plaintiff's failure to comply with appellate procedure, the omissions from the record, the lack of merit and the evidence of bad faith convince this court that plaintiff's appeal is frivolous and that sanctions are appropriate. Considering the unwarranted burden upon defendants, we assess damages against plaintiff and in favor of defendants in the amount of $2,000.00.

---

**4.** This particular document is contained in an "Addendum" to plaintiff's brief, along with a host of other materials which apparently were not before the trial court, but is not contained in the record on appeal. Materials attached to

the brief which are not contained in the legal file are not part of the record on appeal and cannot be considered. *See Krasney v. Curators of University of Missouri,* 765 S.W.2d 646, 652 (Mo.App.1989).